UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-23713-UU

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Plaintiff,

v.

DELOITTE & TOUCHE LLP,

    Defendant.
_____/

### FREDDIE MAC'S MOTION SEAL RE:  JANURAY 11, 2015 FILINGS

Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac"), pursuant to Local Rule 5.4 of the Local Rules for the United States District Court for the Southern District of Florida ("Local Rule 5.4") and this Court's Protective Order entered on January 26, 2015, (DE 37) and amended October 21, 2015, (DE 111) (the "Protective Order"), moves to file under seal Freddie Mac's Reply Memorandum in Support of its Motion *In Limine* to Exclude FHFA and OIG Reports (the "Reply") and Exhibit 1 (the "Exhibit") to Freddie Mac's Reply Memorandum in Support of its Motion to Compel Avram Tucker's Related Expert Report (the "Motion to Compel Reply").

The Reply incorporates, references, and quotes from three confidential internal reports and/or memoranda of the Federal Housing Finance Agency ("FHFA") (Freddie Mac's regulator and Conservator), discussing Freddie Mac's operations, including but not limited to its risk management and loan purchasing function (the "Confidential Reports").  The disclosure of information contained in these Confidential Reports, which have been designated as "Confidential" under the Protective Order by FHFA, would cause FHFA and Freddie Mac

significant injury and harm. Exhibit 1 to the Motion to Compel Reply contains commercially sensitive information concerning the amount of money paid to one of Deloitte & Touche LLP's ("Deloitte") experts. Accordingly, Freddie Mac requests that it be permitted to file the aforementioned Reply and Exhibit under seal.

## THE CONFIDENTIAL MATERIALS

The underlying Motion *in Limine* related to the Reply seeks to exclude eight reports and memoranda prepared by employees of FHFA and FHFA's Office of the Inspector General ("OIG"). The FHFA has designated three of these reports as "Confidential" under the Protective Order:

- A March 22, 2011 memo entitled "Recommendation Memo – Taylor Bean & Whitaker Special Review (the "Mar. 22, 2011 Memo");

- A report amended December 23, 2010 entitled Freddie Mac and Taylor, Bean & Whitaker: Risk Management Practices from 2002-2009" (the "Dec. 23, 2010 Report");

- A September 26, 2008 memo entitled "Key Management Assessment" (the "Sept. 26, 2008 Memo");

These Confidential Reports contain commercially-sensitive information related to Freddie Mac's quality control processes, risk modeling, and compensation determinations; they also contain information that carries unique privacy and regulatory sensitivities related to the supervision of Freddie Mac by its regulator and conservator, the FHFA.

Further, Exhibit 1 to the Motion to Compel Reply contains commercially sensitive information related to the fees earned by Dr. Avram Tucker for the work conducted in relation to this action. Deloitte has designated this document as "Confidential" under the Protective Order:

- Summary table of fees charged by Dr. Tucker to Deloitte, attached as Exhibit 1 to the Motion to Compel Reply.

## ARGUMENT

Freddie Mac respectfully requests to file the Reply under seal because, among other things, the Confidential Reports are heavily incorporated, quoted, and referenced in the Reply. Freddie Mac and the FHFA have a compelling privacy interest in those materials, the disclosure of which would harm Freddie Mac and the FHFA. Freddie Mac respectfully requests that the Exhibit be filed under seal because public disclosure of the billing rate and fees charged by Dr. Tucker would result in severe competitive harm to Dr. Tucker and his colleagues.

A court, "for good cause," may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including "requiring that … confidential … commercial information not be revealed" and that "the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. Proc. 26(c)(1)(G)-(H); *see also* Local Rule 5.4 (requiring that the party seeking to file the document under seal "set[] forth a reasonable basis for departing from the general policy of a public filing . . . ."). When determining whether such good cause exists, courts have considered many factors, including "whether allowing access would impair court functions or harm legitimate privacy interests" and "the degree of any likelihood of injury if made public." *Romero v. Drummond Co. Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). As discussed below, the good cause requirement has been met.

### I. FREDDIE MAC HAS DEMONSTRATED "GOOD CAUSE"

The Confidential Reports were issued by the FHFA in its role as regulator and conservator of Freddie Mac. The December 23, 2010 Report is a confidential review of Freddie Mac's relationship with TBW which contains several criticisms of Freddie Mac and descriptions of numerous of its confidential processes and procedures. The March 22, 2011 is an internal

FHFA memorandum setting forth recommendations based on the December 23, 2010 Report, including recommendations concerning the employment status of several employees. The September 26, 2008 Memo contains an FHFA employee's summary of interviews of Freddie Mac management, which include commentary regarding fellow Freddie Mac employees, and his analysis regarding those interviews.

The confidentiality of these communications – which have not ever been publicly disclosed by FHFA, and over which FHFA asserts privilege – ensured the continuing, open, and robust interactions between Freddie Mac and FHFA that are necessary for the carrying out of FHFA's statutory functions. Public release of this information would have an adverse impact on the free and open exchange of information and advice between FHFA and Freddie Mac, thereby adversely impacting the FHFA in its role as the regulator and conservator of Freddie Mac.

Indeed, FHFA objected to the production of the three Confidential Reports, in part because the disclosure of the Reports would have a "chilling effect" that would "impair candor in future agency deliberations" and "cause damage to the Agency's future regulatory process with regard not only to Freddie Mac, but also to its oversight of Fannie Mae and the several Federal Home Loan Banks."[1]

Although Magistrate Judge Otazo-Reyes ordered the production of the Confidential Reports, Her Honor was mindful that the public disclosure of FHFA materials may "engender government employee timidity."[2]  Magistrate Judge Otazo-Reyes noted that this concern was "diminished" because "FHFA has designated these documents as 'Confidential' under the terms of the Protective Order governing the main action, [and] they are protected from public

---

[1] Case No. 1:15-mc-22175-UU, DE 35 at p. 7.
[2] Case No. 1:15-mc-22175-UU, DE 32 at p. 12.

-4-

disclosure."[3]  Accordingly, in order to protect candid and forthcoming communications between FHFA and Freddie Mac, the Reports should remain confidential.  *See In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992) ("Bank management must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged."); *see, e.g., FHFA v. HSBC N. Am. Holdings Inc.*, 2014 U.S. Dist. LEXIS 65662, 11 ("It is important to the sound functioning of our government and the institutions it oversees that officials and employees whose decision-making is reflected in these documents continue to express their opinions and judgments on financial governance and policy issues freely.").

Additionally, the Confidential Reports contain information related to Freddie Mac's internal risk management policies and compensation incentive policies (including incentive payment structures).  Public access to this confidential, competitively-sensitive information would place Freddie Mac at a significant disadvantage vis-a-vis its mortgage finance competitors.  Similarly, the Exhibit contains commercially sensitive information concerning the amount of money paid to one of Deloitte's experts.  Public disclosure of this information would result in severe competitive harm to Dr. Tucker and his colleagues.  *StoneEagle Servs. v. Pay-Plus Solutions, Inc.*, 2015 U.S. Dist. LEXIS 37743 at *6 (M.D. Fla. Mar. 25, 2015) (sealing documents that, if publically disclosed, "could put the parties at a competitive disadvantage"); *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7 (S.D. Fla. Jan. 18, 2013) (holding that party satisfied "good cause" required to file documents under seal where such documents "contain information that represents substantial value … would be valuable to

---

[3] *Id*.

competitors and … derive their value by virtue of the effort of their creation and lack of dissemination").

For all of these reasons, the "good cause" requirement of Federal Rule 26(c) and Local Rule 5.4 has been satisfied.

## II. FREDDIE MAC HAS OTHERWISE COMPLIED WITH LOCAL RULE 5.4

In addition to demonstrating "good cause," which Freddie Mac has done, Local Rule 5.4(B) requires that the party must generally describe the content of the document to be sealed and the "proposed duration of the requested sealing." Freddie Mac requests that the Reply and the Exhibit be maintained under seal until the entry of an Order directing that such information be made public.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, counsel for Freddie Mac has conferred with counsel for Deloitte regarding the matters addressed herein. Deloitte does not oppose this motion.

## CONCLUSION

Based on the foregoing, Freddie Mac requests that the Court authorize the filing of the Reply and Exhibit under seal.

Respectfully submitted,

/s/ Michael R. Tein

LEWIS TEIN PL
Michael R. Tein
mtein@lewistein.com
Florida Bar No. 993522
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Phone: (305) 442-1101
Fax: (305) 442-6744

MCKOOL SMITH P.C.
Paul D. Moak
pmoak@mckoolsmith.com
Joshua J. Newcomer
jnewcomer@mckoolsmith.com
McKool Smith P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Phone: (713) 485-7302
Fax: (713) 484-7344

Kyle A. Lonergan
klonergan@mckoolsmith.com
James H. Smith
jsmith@mckoolsmith.com
One Bryant Park, 47th Floor
New York, NY 10036
Phone: (212)402-9425

Mike McKool
mmckool@mckoolsmith.com
Lewis T. LeClair
lleclair@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

FEDERAL HOME LOAN MORTGAGE CORPORATION
George A. Kielman
george_kielman@freddiemac.com
Scott L. Walker
scott_walker@freddiemac.com
Michael J. Stauber
michael_stauber@freddiemac.com
8200 Jones Branch Drive, MS 202
McLean, VA 22102
Phone:  (703) 903-2640

*Counsel for Federal Home Loan Mortgage Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2016, a true and correct copy of the foregoing was served on all counsel or parties of record on the following service list via CM/ECF.

     /s/Michael R. Tein     
     MICHAEL R. TEIN

## SERVICE LIST

| | |
|---|---|
| Peter Prieto, Esq.<br>PPrieto@podhurst.com<br>John Gravante III, Esq.<br>JGravante@podhurst.com<br>Matthew Weinshall, Esq.<br>MWeinshall@podhurst.com<br>Podhurst Orseck P.A.,<br>25 West Flagler Street, Suite 800<br>Miami, FL  33130 | Miles N. Ruthberg, Esq.<br>miles.ruthberg@lw.com<br>Latham & Watkins, LLP<br>885 Third Avenue<br>New York, NY  10022-4834 |
| Peter A. Wald, Esq.<br>peter.wald@lw.com<br>Latham & Watkins, LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA  94111-6538 | ***Attorneys for Defendant Deloitte & Touche LLP*** |